**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIEGO MAURICIO CARCHI AZOGUES,<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | Civil Action No. 26-12978 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Diego Mauricio Carchi Azogues's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention is unlawful.[1] (ECF No. 1.) Respondents ("Government") opposed. (ECF No. 8.) The Court has considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, an Ecuadorian native, unlawfully entered the United States on an unknown date. (Gov't Opp'n at 1, ECF No. 8; ECF No. 8-1 at 1, 3.) On July 19, 2005, the Government issued

[1] On October 7, 2026, Petitioner filed a Motion to Enforce (ECF No. 6), seeking to enforce the Court's October 5, 2026 Non-Transfer Order (ECF No. 3) and seeking his return to Delaney Hall Detention Center in New Jersey. The Government filed a letter informing the Court that on October 3, 2026, prior to the entrance of the Court's Order enjoining Petitioner's transfer from New Jersey, Petitioner was transferred to Port Isabel Detention Center in Texas. (ECF No. 5.) On October 19, 2026, the Government filed a letter submitting that Petitioner was returned to Delaney Hall Detention Center on October 18, 2026. (ECF No. 9.) As such, Petitioner's Motion to Enforce is moot.

Petitioner a Notice to Appear, asserting he was inadmissible under 8 U.S.C. § 1182(a). (Gov't Opp'n at 1; ECF No. 8-2.) On October 20, 2005, an immigration judge ("IJ") ordered Petitioner removed *in absentia* following Petitioner's failure to appear at a hearing. (Gov't Opp'n at 1; ECF No. 8-3 at 3.) Petitioner filed a motion to reopen his removal proceedings, which an IJ granted on November 1, 2005. (ECF No. 8-3 at 3.) On January 26, 2006, an IJ again ordered Petitioner removed *in absentia* following his failure to appear at a hearing. (*Id.*) Nearly thirteen years later, on January 31, 2019, Petitioner moved to reopen his removal proceedings. (*Id.* at 4.) On June 21, 2019, an IJ denied Petitioner's motion to reopen. (*See generally* ECF No. 8-3.) On August 21, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody. (ECF No. 8-1 at 4.)

On October 3, 2026, Petitioner filed the instant Petition arguing he is unlawfully detained under 8 U.S.C. § 1225(b). (Habeas Pet., ECF No. 1.) On October 13, 2026, the Government opposed the Petition, arguing that Petitioner is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a). (Gov't Opp'n.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In the Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b). (Habeas Pet.) The Government argues Petitioner is lawfully detained under an *in absentia* final order of removal pursuant to 8 U.S.C. § 1231(a). (Gov't Opp'n.)

Petitioner has a final order of removal. The record shows that on January 26, 2006, an IJ ordered Petitioner removed *in absentia*. (ECF No. 8-3 at 3.) On June 21, 2019, an IJ denied Petitioner's motion to reopen his removal proceedings.[2] (*See generally id.*) As such, Petitioner's *in absentia* Removal Order remains in effect. And his *in absentia* Removal Order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *In re Guzman-Arguera*, 22 I. & N. Dec. 722, 722–23 (BIA 1999). So, Petitioner has been subject to a final order of removal since January 26, 2006.

§ 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of [ninety] days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the [ninety]-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

---

[2] While pending, a motion to reopen does not change the fact that a petitioner is subject to a final order of removal; however, the filing of such motion "shall stay the removal of [Petitioner] pending disposition of the motion by the immigration judge." 8 C.F.R. § 1003.23(b)(4)(ii). As such, a petitioner's removal is stayed pending the review of his motion to reopen but he is still subject to a final order of removal.

> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's ninety-day mandatory "removal period" ended on April 26, 2006, ninety days after his January 26, 2006 order of removal became administratively final. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period expires, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas*, the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701.

Petitioner's detention—measured from his August 21, 2026 arrest—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

## IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED *without prejudice***. Petitioner's Motion to Enforce (ECF No. 6) is **DISMISSED as moot**. An appropriate Order accompanies this Opinion.

**DATED: 10/30/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**